IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,610-02, WR-69,610-03, WR-69,610-04 & WR-69,610-05






EX PARTE JOHN FELIX DEJEAN, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W05-00949-K(A), W05-00937-K(A), W05-00958-K(A) & W05-00944-K(A)
IN THE CRIMINAL DISTRICT COURT NO. 4 

FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to three
charges of falsely holding oneself out to be a lawyer and one count of theft, and was sentenced as
a habitual felony offender to twenty-five years' imprisonment for each of the falsely holding oneself
out to be a lawyer charges, and twenty years' imprisonment for the theft charge, to be served
concurrently. He did not appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to meet with or discuss defenses with Applicant, failed to investigate or interview
witnesses, failed to prepare any defense, and coerced Applicant into believing he had no choice but
to plead guilty. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial attorney met with
Applicant and discussed possible defenses with him prior to trial. The trial court shall also make
findings as to what steps counsel took to investigate the facts of these cases, and as to what steps
counsel took to seek out and interview potential defense witnesses. The trial court shall make
findings as to whether counsel was prepared for trial, and as to what defensive theory, if any, counsel
planned to advance. The trial court shall make findings as to whether counsel advised Applicant that
he would receive stacked 45-year sentences in each of these cases if he did not plead guilty. The trial
court shall make findings as to whether defense counsel requested that an incriminating tape
recording be played in front of the trial judge, and if so, why defense counsel made such a request. 
The trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 20, 2008

Do not publish